Bonney N. DOWNING et al., Appellants,

v.

The SCHOOL BOARD OF the CITY OF CHESAPEAKE, VIRGINIA and E. W. Chittum, Division Superintendent of Schools for the City of Chesapeake, Appellees.

No. 71–1850.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 10, 1972.

Decided March 6, 1972.

---

**1154**

James W. Benton, Jr. and Henry Marsh, III, Richmond, Va. (S. W. Tucker, Richmond, Va., George Minor, Jr., Portsmouth, Va., Jack Greenberg, James M. Nabrit, III, and Norman J. Chachkin, New York City, on brief), for appellants.

R. D. McIlwaine, III, Richmond, Va. (William L. Forbes, City Atty., for the City of Chesapeake, on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL and FIELD, Circuit Judges, sitting en banc.

DONALD RUSSELL, Circuit Judge.

This appeal is from an order of the District Court which approved a plan of desegregation as prepared and submitted, after consultation with and advice from HEW, by the defendant school district. The plaintiffs challenge the plan in three particulars: (1) They object to the approval of the conversion of Crestwood High School, formerly identifiable as black, into a junior high school, serving both white and black students in acceptable proportions; (2) they complain of the failure to assign Mr. Wood, the present principal of Crestwood, to one of the vacant Senior High School principalships; and (3) they demand a requirement in the Court's order that the school district file comprehensive reports at fixed periods on the progress of desegregation in the school system.

## I.

The proposal for the conversion of Crestwood to a junior high school originated with HEW, with which, the record indicates, the school board sought to work in good faith to achieve an acceptable level of desegregation. The reasons for such recommendation, as well as for the adoption of such proposal by the school board, are delineated in the comprehensive findings made by the District Court. Such reasons are convincing and fully justified the District Court's approval of the conversion.

## II.

The principal of Crestwood is Mr. Wood. He is black. Under the plan for the conversion of Crestwood to a junior high school, he remains as principal, without diminution either in rank or salary. The plaintiffs contend that, instead of being continued at Crestwood, he should have been transferred to one of the two vacant principalships that existed at senior high schools in the school system. They charge that such failure was the result of discrimination. The District Court, however, found an absence of any discrimination on the part of the school district. In support of this conclusion, it emphasized that in the previous year Mr. Wood had been offered a senior high school principalship. This voluntary act on the part of the school district, it was found, disproved any claim of prejudice on the part of the school board against Mr. Wood. It rep-

resented, it is said, a clear recognition by the board of Mr. Wood's qualifications and demonstrated the willingness of the board to assign a black principal to a majority-white high school. Mr. Wood, though, refused the offer and chose to remain at Crestwood. The plaintiffs suggest that perhaps his choice would have been different had he known that Crestwood was to be changed from a senior to a junior high school. This is not an argument that was advanced by Mr. Wood. In fact, he has registered no complaint about remaining at Crestwood, even though it is to be a junior high school. It is possible he is influenced in this by the fact that he will suffer no loss in either status or salary in remaining at Crestwood after it becomes a junior high school. The plaintiffs would, though, ascribe Mr. Wood's failure to complain about his not being given an offer of one of the two vacant senior high principalships, to a natural hesitancy to challenge the determinations of the school hierarchy. There is nothing in the record to support such an inference; to the contrary is the undisputed fact both that the school district had demonstrated voluntarily a willingness to assign a black principal to a majority-white high school and that Mr. Wood had previously been given that opportunity and had refused it. In the face of such a record, we cannot conclude that the action of the District Court in dismissing this claim was clearly erroneous or even against the weight of the evidence.

### III.

The school board, at the hearing in this Court, agreed that the reports required of it by HEW would be furnished counsel for the plaintiffs and the District Court. We have heretofore found in other cases that such reports are adequate to keep both plaintiffs and the Court properly advised of the status of desegregation in the school system. Should there be any failure on the part of the school board to provide both the plaintiffs or the Court with copies of

the reports filed with HEW, plaintiffs can apply to the District Court for relief.

### IV.

The school district operates a small demonstration school. This school is funded federally and represents an experiment in ungraded elementary education. It has a specially qualified faculty. The student body is limited to 600. So long as there are available places within this number, any elementary student in the system may choose to attend this demonstration school. During argument it was stated by counsel for the plaintiffs that the school district provided busing to students attending the demonstration school who lived in the immediate neighborhood of that school, but did not make available busing for those living in other sections of the district, who might wish to attend such school. It was pointed out that the school's location is in an area largely occupied by white families. Since busing is available for those living near the school, who are mainly white, and is not provided for those living in other parts of the district, in which black students largely live, the racial composition of the demonstration school, it is asserted, is heavily weighted in favor of white students. It is the plaintiffs' contention, as advanced during argument in this Court, that all qualified students, wherever they live in the district, both white and black, should have equal opportunity to attend this school. Such equality of treatment, absent any special or unusual circumstances that might make it impractical in some particular instances, accords with constitutional mandates. However, neither the District Court nor the school district has had any opportunity to consider this contention, first advanced in this Court during oral argument, and any practical problems connected therewith. Certainly, this Court should not act without giving the District Court that opportunity. The District Court should, though, promptly consider this claim of the plaintiffs, and,

in the case of any student applying for admission, within reasonably practical limits, take steps to assure equal opportunity to all elementary students in the system wishing to avail themselves of the program at this demonstration school.

Except as provided above, the judgment of the District Court is affirmed.